PIERCE, Judge.
Appellant Sammy Lee Walker appeals to this Court a judgment of conviction entered against him by the Manatee County Court of Record consequent upon a jury verdict after trial, finding him guilty under an information charging breaking and entering.
The sole point urged here on behalf of appellant is that the trial Judge erred to reversal in admitting into evidence over objection a confession made by defendant Walker to an officer in the local sheriff’s office.
But before discussing the admissibility of the confession, we are impelled to call attention to the gross inadequacy of the assignments of error upon which the appeal is based. This document, labelled “Grounds of Appeal and Assignments of Error” appears to be a mimeographed form, with only the case number, name of defendant, name and address of the Public Defender, date of service of copy thereof, and the style of the trial Court, filled in by typewriter in spaces left blank for such purpose. The mimeographed form appears to have been prepared for the Circuit Court of the local judicial circuit but sufficient deletions and substitution of words are typed in to make it read “In the Court of Record in and for Manatee County, Florida”. The “grounds” and “assignments” are mimeographed as follows:
“1. The conviction is not supported by substantial competent evidence.
2. The evidence is not sufficient to sustain the verdict.
3. The Court erred in denying motions made by defendant.
4. The court erred in granting motions made by the State.
*708 5. The court ruled improperly on questions of evidence.
6. The court erred in its charge to the jury.
7. The conviction is contrary to the law.
8. The conviction is contrary to the evidence.
9. The conviction is contrary to the law and evidence.
10. The constitutional rights of the defendant have been violated.”
Inasmuch as the sole point argued for reversal in this Court is the admission of the confession into evidence, we could with propriety affirm, or dismiss the appeal ex mero motu, because of the failure of the assignments of error to properly raise the evidentiary point involved. The fact that we don’t should not be taken as a precedent.
Judicial restraint impels us to pre-termit further comment. Suffice to say that the filing of assignments of error constitutes a vital and important step in the appellate process and should be attended with care and skill. It is entitled to more thought and attention, not to say dignity, than the mere filling in of certain statistical matter in blank spaces on a mimeographed form, and then containing generalized grounds of appeal apparently designed to cover any case, but which, like the proverbial Old Mother Hubbard, “covers everything but touches nothing”. We trust we will not be “favored” with a repetition in the future, as it would warrant a summary disposition of the appeal, as before indicated.
Reverting to the question on the merits, there was no error in admission into evidence of the confession. It was in typewritten form, having been transcribed by a lady secretary of the local sheriff’s office from stenographic notes taken by her of a verbatim interrogation of Walker by deputy Fort at the County Jail after Walker’s arrest.
Prior to the interrogation detective Fort gave Walker an exhaustive cautionary admonition deemed requisite under the Miranda opinion (384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974). Indeed, there was no contention made in the lower Court nor here that the safeguards of Miranda were not complied with.
It is only argued that the confession was erroneously admitted because it was not freely and voluntarily made. The trial Judge heard preliminarily all the testimony, pro and con, outside the presence of the jury, and determined as a fact, as he had the right and duty to do, that the confession was voluntarily made. There was abundant evidence to support the determination.
Such evidence was later repeated in the presence of the jury in order that the jury could give such weight and credibility to the confession as it felt it should receive, in the light of all the facts and circumstances surrounding the giving of the statement. This fully sustains the ruling of the Court and we are not authorized, on the record before us here, to disturb his ruling. See Davis v. State, 1925, 90 Fla. 317, 105 So. 843; Williams v. State, 1945, 156 Fla. 300. 22 So.2d 821; Milton v. Cochran, Fla.1962, 147 So.2d 137; Bates v. State, 1919, 78 Fla. 672, 84 So. 373; Kersey v. State, 1917, 73 Fla. 832, 74 So. 983; Watson v. State, Fla. 1966, 190 So.2d 161; Williams v. State, Fla.App.1966, 188 So.2d 320.
Defendant Walker having failed to demonstrate reversible error, the judgment appealed from is—■
Affirmed.
LILES, C. J., and HOBSON, J., concur.