PEARSON, Chief Judge.
This is an appeal brought by the state under authority of Rule 6.3, Florida Appellate Rules, 32 F.S.A., and § 924.071, Fla. Stat., F.S.A., from a pretrial order which granted defendant Nathaniel Pressley’s motion to suppress the evidence of his alleged confession. The alleged confession, evi *735 dence of which was suppressed, was testified to have been orally given to police officers upon interrogation. It was testified that the defendant, a fifteen year old boy, was taken to the police station where after having been advised of his constitutional rights he confessed to the crime of robbery. The officers did not reduce the confession to writing although the facilities to do so were available. In addition there was a discrepancy in the testimony of the two officers to the length of time the boy was under interrogation. From the record it appears that the trial judge had serious doubts as to credibility of the officers’ testimony and that he felt the confession should have been reduced to writing.
The purpose of a motion to suppress a confession is to determine whether the confession offered is so clearly tainted with illegality that it may not be offered to the finder of fact.[1] The motion does not reach the question of credibility of the confession[2] or of the witnesses to the confession.[3] An oral confession is admissible if properly established by competent testimony.[4] We hold therefore that the court erred in suppressing the evidence of the confession in the present instance. This holding is without prejudice to the right of the defendant-appellee to raise any and all objections to the admissibility of the confession, because the order reversed is a nullity.-[5]
The order suppressing the evidence of the oral confession is reversed and the cause remanded.

. See Annot. Admissibility of Pretrial Confession in a Criminal Case—1 L.Ed. 2d 1735; 4 L.Ed.2d 1833; 12 L.Ed.2d 1340; 16 D.Ed.2d 1294; 22 L.Ed.2d 872. The usual legal point in issue is the vol-untariness of the purported confession. The same issue is also the usual one raised during trial. See, e. g., Bates v. State, 78 Fla. 672, 84 So. 373 (1919).

. This is an issue for the jury. Kirby v. State, 44 Fla. 81, 32 So. 836 (1902) ; cases cited at 3 Wharton’s Criminal Evidence § 971 (12th ed. 1955) ; and see Walker v. State, Fla.App.1969, 219 So. 2d 707, 708.

. Cf. case cited at 35 Fla.Jur., Witnesses, § 260, and 3 Wharton § 971.

. Morris v. State, 100 Fla. 850, 130 So. 582, 586 (1930).

. See Rosenkrantz v. Hall, Fla.App.1965, 172 So.2d 518.