PEARSON, Judge.
Appellant was tried before a jury and found guilty of arson in the second degree.[1] She was adjudicated guilty and sentenced to ten years in the state penitentiary. The information charged and the appellant confessed that she did unlawfully set fire to a school building in Dade County, Florida.
On this appeal the only substantial question presented is whether the court erred in admitting the oral confession into evidence. It is urged that the state failed to show that the confession was free from coercion after appellant testified that she was coerced into confessing by having been deprived of sleep.
When circumstances arise that might lead the court to suspect that a confession given is not one which the defendant would have given had he been freely in command of his faculties, the state has the burden of proving that the confession was freely given. The state must show that the defendant was under no compulsion other than his own conscience and desire when he gave his confession. See Perkins v. State, Fla.1969, 228 So.2d 382.
Appellant urges that this rule was not met in this case because the record shows: 1) that appellant had of her own volition stayed away from home the night before, 2) that appellant had been under examination from about 6:30 a. m. until noon, and 3) that appellant had expressed a desire to sleep.
The record shows that appellant was observed at about 3:30 a. m. at the place of the crime. All other suggestions that she did not sleep that night were based upon her own unrefuted statements. The investigating officers went to her home between 6:00 and 6:30 in the morning in order to question her about the crime. She went with them to the scene of the crime and for several hours sat in the back of a car *38 while the investigation was going on. During some of this time, she responded to questions. During this period and later she was advised of her rights and expressly waived right to counsel. Appellant was then taken by the officers to a police station where she sat in the office of the fire investigating officer. At this time, she signed a written waiver of counsel and indicated her willingness to continue the investigation. There is no indication in the record that appellant’s confession was tainted by any form of coercion or was other than an act of her own free will.
We are asked to conclude upon these facts that the finding of the trial judge that the confession was not coerced is against the weight of the evidence before him. We find no error in the submission of the confession and the circumstances under which it was given to the jury as a part of the evidence in this case. Compare Langlois v. State, Fla.App.1969, 226 So.2d 428; Reynolds v. State, Fla.App.1969, 222 So.2d 246; Walker v. State, Fla.App.1969, 219 So.2d 707.
Affirmed.

. F.S. § 806.02 F.S.A., “Arson, second degree
Any person who willfully and maliciously sets fire to, burns or causes to be burned, or who aids, counsels or procures the burning of any building or structure of whatsoever class or character, whether the property of himself or of another, not included or described in the preceding section, shall be guilty of arson in the second degree, and upon conviction thereof, be punished by imprisonment in the state prison for not more than ten years.”