444 So.2d 964 (1983)
Terry CAULEY, Appellant,
v.
STATE of Florida, Appellee.
No. AS-310.
District Court of Appeal of Florida, First District.
October 19, 1983.
On Rehearing January 26, 1984.
J. LaDon Dewrell, of Dewrell, Blue & Brannon, Fort Walton, for appellant.
John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
AFFIRMED. Brown v. State, 376 So.2d 382 (Fla. 1979); State v. Carr, 438 So.2d 826 (Fla. 1983).
MILLS, SHIVERS and ZEHMER, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
In his motion for rehearing, appellant contends that we erred in affirming this case upon the authority of Brown v. State, 376 So.2d 382 (Fla. 1979), and State v. Carr, 438 So.2d 826 (Fla. 1983), because the issue on appeal is dispositive of the case and this is agreed to by the state. Appellant also moves to supplement the record with a transcript from the nolo contendere plea hearing which affirmatively shows that both parties agreed that the issues reserved for appeal are dispositive.
Appellant pled nolo contendere and specifically reserved the right to appeal the trial court's order denying his motion to suppress. We must dismiss an appeal of a criminal conviction based upon a nolo contendere plea unless the dispositiveness of the issues on appeal is affirmatively shown by the record. An appellant has the burden of filing a sufficient record with this court to demonstrate this fact and cannot expect to receive a favorable ruling if he does not carry that burden. Because appellant has now demonstrated to us that a ruling on the motion to suppress is dispositive, *965 in the interest of justice we grant his motion to supplement the record and his motion for rehearing.
During the suppression hearing, the state used two witnesses whose names had not been disclosed in response to appellant's request for discovery. Despite appellant's objections, the trial court failed to inquire into the circumstances surrounding the state's failure to provide this discovery in order to determine whether appellant had been prejudiced thereby. The record contains ample support for a finding that prejudice to appellant did occur. There is no evidence in the record that appellant was aware of the identity of the two state witnesses; and without their testimony, there was no evidence sufficient to justify the detention of appellant. Appellant contends that under Richardson v. State, 246 So.2d 771 (Fla. 1971), his conviction must be reversed. We agree.
Rule 3.220, Florida Rules of Criminal Procedure, sets forth provisions governing discovery in criminal cases. Rule 3.220(j), which provides the various sanctions available to a trial court if the prosecution fails to comply with the discovery rule, states that "if, at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule ... the court may ..." impose sanctions. (Emphasis added.) Since a ruling on a motion to suppress is often dispositive of the case on the merits, it is just as important at a suppression hearing as at trial that the court, upon appropriate objection by the defendant, conduct a Richardson type inquiry to determine the existence and extent of prejudice, if any, resulting from the state's failure to provide discovery in accordance with the rule. Therefore, we conclude that the requirements of Richardson are fully applicable to a pretrial evidentiary hearing on a motion to suppress. See, Taylor v. State, 386 So.2d 825 (Fla. 3d DCA 1980); Cuciak v. State, 410 So.2d 916 (Fla. 1982). Although Taylor does not explicitly hold that a Richardson inquiry must be conducted at such hearings, this requirement is certainly implicit in that decision.
Applying the Richardson rule in this case requires that we remand for a new suppression hearing because the record does not affirmatively show that appellant was not prejudiced by the state's failure to provide him with the names of the two witnesses prior to the suppression hearing. Since, as the state agreed, granting the motion to suppress would be dispositive of the case, the order denying the motion must be vacated, the judgment of conviction reversed, and the case remanded for a new evidentiary hearing on the motion to suppress. Appellant is not discharged at this time because we have not determined that the motion to suppress is well taken; that decision must be made initially by the trial court after a new hearing. We hold only that procedural improprieties denied appellant a fair pretrial evidentiary hearing and that such denial requires that appellant be afforded a new hearing. Under these circumstances, appellant's nolo contendere plea is obviously no longer effective and he shall be allowed to enter a new plea upon reconsideration of the motion to suppress in accordance with this opinion.
REVERSED and REMANDED.
MILLS, SHIVERS and ZEHMER, JJ., concur.