797 So.2d 649 (2001)
George Franklin GORSUCH, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-178.
District Court of Appeal of Florida, Third District.
October 24, 2001.
Bennett H. Brummer, Public Defender and Marti Rothenberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Michael J. Neimand, (Ft. Lauderdale), Assistant Attorney General; Ira D. Karmelin (West Palm Beach), Special Assistant Attorney General, for appellee.
*650 Before COPE and GODERICH, JJ., and NESBITT, Senior Judge.
NESBITT, Senior Judge.
Defendant George Franklin Gorsuch was charged with a number of criminal counts including fleeing or attempting to elude an officer at high speed in violation of 316.1935(3). During jury instructions, the trial judge instructed the jury on that charged offense, as well as a violation of the lesser included offense of simple fleeing or attempting to elude a law enforcement officer under 316.1935(1). The jury returned verdicts of guilty as to three charged counts, including fleeing or attempting to elude officer at high speed in violation of subsection 316.1935(3). The Defendant moved for a judgment of acquittal and also moved for a new trial on the fleeing and eluding count. He argued that there was no evidence the police vehicles involved in the chase had the proper police insignia prominently displayed with their sirens and lights activated, as required by subsection 316.1935(3). The judge denied the motions and Defendant was adjudicated guilty and sentenced to 20 years in prison on the fleeing and eluding count.
We agree with Defendant's argument that the conviction for violation of section 316.1935(3) should be reversed and the cause remanded with instructions to reduce that conviction to a violation of section 316.1935(1).
Section 316.1935 Florida Statutes (2000) provides:
Fleeing or attempting to elude a law enforcement officer; aggravated fleeing and eluding
(1) It is unlawful for the operator of any vehicle, having knowledge that he or she has been ordered to stop such vehicle by a duly authorized law enforcement officer, willfully to refuse or fail to stop the vehicle in compliance with such order or, having stopped in knowing compliance with such order, willfully to flee in an attempt to elude the officer, and a person who violates this subsection commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
(2) Any person who willfully flees or attempts to elude a law enforcement officer in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle with siren and lights activated commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(3) Any person who willfully flees or attempts to elude a law enforcement officer in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle with siren and lights activated, and during the course of the fleeing or attempted eluding drives at high speed, or in any manner which demonstrates a wanton disregard for the safety of persons or property commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. (Emphasis added.)
Here, Defendant was stopped during a narcotics surveillance. The three officers who stopped Defendant were wearing t-shirts with police insignias. After Defendant's passenger was removed by the officers, Defendant raced away without permission. During the chase that followed, Defendant drove against traffic, on a one-way street, at a high rate of speed and the chase ended when Defendant ultimately lost control of his vehicle and crashed into *651 a building.[1] It is undisputed that two of the officers were driving unmarked vehicles, and the third officer's vehicle was marked with a 15 inch City of Miami seal, on the car's door. There was no evidence, however, that any of the vehicles had an agency insignia as required by subsection 316.1935(3). Moreover, a corrected copy of the officers' record testimony demonstrates that while it is clear the officers were screaming, it was not demonstrated that any sirens had been activated. In sum, while the facts demonstrate a willful attempt to elude police, see § 316.1935(1) Fla. Stat. (2000), the facts do not support the officers were "in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings... with sirens ... activated" See § 316.1935(3) Fla. Stat. (2000).
Accordingly, the order under review is reversed and the case is remanded with instructions to correct Defendant's conviction and sentence to reflect a violation of subsection 316.1935(1).
NOTES
[1] The police cars were equipped with blue lights which were activated during the initial stop and subsequent chase of Defendant.