On Motion for Rehearing
 

 SUAREZ, J.
 

 Upon consideration of the State of Florida’s timely Motion for Rehearing, we grant the motion, withdraw our previously issued opinion dated June 11, 2008 and substitute the following opinion in its place:
 

 Anthony Braggs appeals his convictions and sentence for sexual battery and petit theft. We affirm his convictions and sentence.
 

 Braggs was charged with the sexual battery, armed robbery, carjacking and kidnapping of a victim. Prior to the alleged sexual battery, Braggs and the victim had been drinking together in a bar. Braggs convinced the victim to give him a ride home. He then proceeded to rape her in her car, left her behind, and took her cash, jewelry, cell phone and credit cards. The victim drove to the nearest turnpike toll booth, called the police and when the officer arrived, hysterically reported what had happened to her. The officer’s testimony as to what the victim told him was admitted at trial. The jury convicted Braggs of
 
 *507
 
 sexual battery as charged, and of the lesser offense of petit theft.
 

 Braggs claims the trial court erred in denying his peremptory strike of juror Gray. During the voir dire of the jury, defense counsel struck juror Gray peremptorily. The prosecutor requested a race-neutral reason for the strike. Defense counsel first responded that juror Gray’s brothers were alcoholics. Defense counsel then proffered the race-neutral reason that juror Gray had friends who were police officers. In a lengthy colloquy that followed, the trial judge further inquired of defense counsel as to how the fact that juror Gray’s brothers were alcoholics would be related to the case. The trial judge denied the strike. Braggs asserts on appeal that the reasons given by the defense for its peremptory strike of juror Gray, that her two brothers were alcoholics and that she had friends who were police officers, were facially race-neutral.
 

 When this Court initially examined the issue, we agreed that, under
 
 Melbourne v. State,
 
 679 So.2d 759 (Fla.1996), where the proffered reason for the peremptory strike is facially race-neutral, the trial court must then determine whether the strike is pretextual before it can be disallowed.
 
 [1]
 
 We found that, based on the transcripts supplied in the original appeal, the trial court was required, but failed, to conduct the third step in that inquiry as to the genuineness of the explanation for the strike of juror Gray. This Court observed that as to other State- and defense-exercised peremptory strikes, the record clearly demonstrated that the trial judge repeatedly made findings both on race-neutrality and on genuineness for each of the individual strikes, and was obviously aware that a three-step analysis was required under
 
 Melbourne.
 
 The transcripts before us at the time, however, indicated that the trial judge discontinued the
 
 Melbourne
 
 analysis as to juror Gray after the second step. We agreed with Braggs because — based on the transcripts before us at that time — the reasons for the strike were determined incorrectly by the trial judge not to be race-neutral, the trial judge never addressed the issue of pretext, and improperly disallowed the peremptory challenge, thus seating the juror.
 

 Subsequent to the issuance of our opinion, the State discovered that the transcripts of the voir dire of juror Gray had been incorrectly transcribed, and immediately filed for rehearing based on the corrected transcripts.
 
 [2]
 
 The Public Defender
 
 *508
 
 concedes that the corrected version is, indeed, accurate but objects to the motion.
 
 [3]
 
 The corrected transcript shows that the trial court did, in fact, conduct the required
 
 Melbourne
 
 steps with Juror Gray. We acknowledge the general proscription against considering new claims raised for the first time on rehearing. We consider this circumstance, even though it has been brought for the first time on rehearing, not only because the discovery of the transcription errors is dispositive of the issue on appeal, but also because the justice of the cause persuades us to do so.
 
 See Perez v. State,
 
 717 So.2d 605 (Fla. 3d DCA 1998) (holding that the court will consider new arguments made for the first time on rehearing when the justice of the cause is persuasive);
 
 Cauley v. State,
 
 444 So.2d 964 (Fla. 1st DCA 1984) (allowing dispositive issue to be brought for the first time on rehearing);
 
 accord Walker v. State,
 
 284 So.2d 415 (Fla. 2d DCA 1973);
 
 Delmonico v. State,
 
 155 So.2d 368 (Fla.1963) (holding that compelling legal issue presented on rehearing and for the first time should be considered);
 
 see also O’Steen v. State,
 
 92 Fla. 1062, 111 So. 725 (1927). The issue of an accurate transcript is not so much a “new claim” raised for the first time on rehearing, as the trial court’s
 
 Melbourne
 
 analysis concerning the Defendant’s attempt to strike juror Gray was and is the only issue on appeal with merit, but rather a correction of a misleading record that is critical to the clarification and disposition of the legal claim originally put to this Court on appeal.
 

 As is plainly shown by the corrected transcripts, the trial court did, in fact, reach the third step of the
 
 Melbourne
 
 analysis and concluded that the reasons proffered for the strike were race-neutral, but were not genuine. Therefore, the trial court correctly denied the peremptory strike of juror Gray. “A trial court’s genuineness inquiry involves consideration of factors which tend to show whether the proffered reason is pre-textual.”
 
 Scott v.
 
 
 *509
 

 State,
 
 920 So.2d 698, 700 (Fla. 3d DCA 2006). In deciding this issue, a trial court’s decision on the ultimate issue of pretext will be affirmed on appeal unless clearly erroneous.
 
 See Melbourne,
 
 679 So.2d at 764-65. We thus conclude that no error in jury selection occurred below and affirm.
 
 [4]
 

 Affirmed.
 

 [1]
 

 . The Supreme Court held in
 
 Melbourne,
 
 that "[a] party objecting to the other side’s use of a peremptory challenge on racial grounds must: a) make a timely objection on that basis, b) show that the venireperson is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike.”
 
 Melbourne,
 
 679 So.2d at 764 (footnotes omitted). When these initial requirements are met, the court then must ask the proponent of the strike to explain the reason for the strike. It is the proponent's burden to come forward with a race-neutral explanation. If the explanation for the reason for the strike is facially race-neutral, and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained. Step three focuses on the genuineness of the explanation.
 

 [2]
 

 . The State’s Motion for Rehearing states, “Upon issuance of this Court's opinion, the Assistant State Attorney sent a request to the court reporter assigned to this Trial ... to double-check her notes, specifically pertaining to the portion where the trial court conducted the
 
 Melbourne
 
 analysis regarding Juror Gray. The court reporter affirms that she dictated the transcript and 'farmed out' the work to a typist. Upon closer review of her own trial notes, she found words that were left out of the transcript, even lines were missing when compared to the hard notes.... [The court reporter] has since corrected the
 
 *508
 
 transcript and highlighted the portions that were left out or added because of sound obstruction on the tape.”
 

 [3]
 

 . The uncorrected transcript excerpts are bracketed, while the corrected transcript excerpts are underlined:
 

 MR. TREVILLA [Defense Counsel]: Strike Barbara Gray, juror number 18.
 

 MS. HILL [State]: Barbara Gray is a member of a protected class, and I would ask for a race neutral reason.
 

 MR. TREVILLA: Sure. Both brothers are alcoholics and-
 

 THE COURT: There is an issue of drugs in this case?
 

 MR. TREVILLA: I’m saying that the alcoholic issue may, and
 
 it kind of twists
 
 [it’s kind of twisted into] my defense.
 

 THE COURT: Mr. Trevilla, it may be twisted into your defense that she was
 
 so
 
 inebriated that she did not consent. I'm not sure if that's a legal defense to the argument. I’m waiting to hear what it is.
 

 MR. TREVILLA: She's got friends who were police officers. That would affect her as a race neutral reason.
 

 THE COURT: Anything said
 
 is
 
 [as] a race neutral reason request, whether I believe you use it
 
 pretextually
 
 [potentially] or your original
 
 motivation
 
 — she
 
 can be a woman from the moon, that is
 
 [not] a race neutral reason, and
 
 if genuine or not,
 
 that is not my inquiry.
 
 The one
 
 [if] you gave me cause
 
 me
 
 [or] concern based on where we are headed. You questioned the jury about alcohol and drugs.
 

 THE COURT: Mr. Trevilla, how does the facts of the case, with regard to the juiy, what they’re going to hear
 
 and how is the fact that what the jury is going to hear
 
 relevant to the defense, the fact that she was inebriated? I don’t understand.
 

 THE COURT: Too close for comfort is not a legal defense.
 
 The court finds it is a race neutral reason and not genuine.
 
 [[I]t is not a race neutral reason,] and the Court will disallow it. Enough of this nonsense.
 

 [4]
 

 . We find that the other issues raised on appeal, whether the trial court erred in allowing Officer Green to testify as to the details of the statement given to him by the victim, and erred in not declaring a mistrial for comments made by the State in closing, are without merit and need not be addressed.