SCHWARTZ, Senior Judge.
This case arose from an incident in which Erskine, driving a car not his own, was pursued by police through the streets of Miami-Dade County, and was apprehended at the end of a foot chase which began after he crashed the vehicle. In this appeal, he challenges convictions and sentences after a jury trial for misdemean- or trespass in a conveyance, as a lesser included offense of count I, grand theft of a vehicle, and as charged in the information, count II, fleeing or attempting to elude a law enforcement officer, and count III, resisting an officer without violence.
Considering first the only point which concerns all three convictions, we find no error in the trial judge’s determination that the defense’s challenge of a prospective juror was pretextual in nature. See Braggs v. State, 13 So.3d 505 (Fla. 3d DCA 2009); Lidiano v. State, 967 So.2d 972 (Fla. 3d DCA 2007), review denied, 983 So.2d 1154 (Fla.2008); Pringle v. State, 792 So.2d 533 (Fla. 3d DCA 2001), review denied, 817 So.2d 849 (Fla.2002).
The conviction for fleeing or attempting to elude in violation of section 316.1935(3), Florida Statutes (2006),[1] however, is reduced to a third degree felony under section 316.1935(1) because, (1) as in Gorsuch *1209 v. State, 797 So.2d 649 (Fla. 3d DCA 2001),[2] there was no evidence that the police car involved in the chase in question had agency insignia and other jurisdictional markings prominently displayed, as required by section 316.1935(3), see also Jackson v. State, 818 So.2d 539 (Fla. 2d DCA 2002), and (2) the jury was instructed that the defendant could be convicted of the more serious offense if he attempted to flee after having been stopped as Erskine in fact did, which is not an element of subsection (3), see Anderson v. State, 780 So.2d 1012 (Fla. 4th DCA 2001), but is encompassed in subsection (1). The cause is remanded for resentencing accordingly. See § 924.34, Fla. Stat. (2006).
No separate error is asserted in the misdemeanor convictions as to counts I and III.
Affirmed as modified, remanded.

. Sections 316.1935(1) and (3), state:
(1) It is unlawful for the operator of any vehicle, having knowledge that he or she has been ordered to stop such vehicle by a duly authorized law enforcement officer, willfully to refuse or fail to stop the vehicle in compliance with such order or, having stopped in knowing compliance with such order, willfully to flee in an attempt to elude the officer, and a person who violates this subsection commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[[Image here]]
(3) Any person who willfully flees or attempts to elude a law enforcement officer in an authorized law enforcement patrol vehicle, with agency insignia and other jurisdictional markings prominently displayed on the vehicle, with siren and lights activated, and during the course of the fleeing or attempted eluding:
(a) Drives at high speed, or in any manner which demonstrates a wanton disregard for the safety of persons or property, commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(b) Drives at high speed, or in any manner which demonstrates a wanton disregard for the safety of persons or property, and causes serious bodily injury or death to another person, including any law enforcement officer involved in pursuing or otherwise attempting to effect a stop of the person's vehicle, commits a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Notwithstanding any other provision of law, the court shall sentence any person convicted of committing the offense described in this paragraph to a mandatory minimum sentence of 3 years imprisonment. Nothing in this paragraph shall prevent a court from imposing a greater sentence of incarceration as authorized by law.

. After Gorsuch was decided, but before the offenses in question occurred on September 1, 2006, the legislature amended subsection (1) to provide that its violation constituted a third degree felony rather than a first degree misdemeanor. Ch. 2004-388, § 1, at 3010, Laws of Fla., effective July 1, 2004.