BENTON, J.
 

 On consideration of appellee’s motion for rehearing and/or clarification, we withdraw our prior opinion and substitute the following.
 

 Sidney Marcellus Slack appeals his conviction for fleeing or attempting to elude a law enforcement officer in violation of section 316.1935(2), Florida Statutes (2006), on grounds the trial court erred in denying his motion for judgment of acquittal. He contends the state failed to prove that the
 
 *686
 
 vehicle he fled prominently displayed agency insignia. We agree that, because of this failure of proof, the trial court erred in denying the motion for judgment of acquittal. While we reverse on this basis, we remand for entry of a judgment of conviction for violation of section 316.1935(1), Florida Statutes (2006), on the authority of section 924.34, Florida Statutes (2009).
 

 Mr. Slack was charged with violating section 316.1935(2), Florida Statutes (2006), which provides:
 

 Any person who willfully flees or attempts to elude a law enforcement officer in an authorized law enforcement patrol vehicle,
 
 with agency insignia and other jurisdictional markings prominently displayed on the vehicle,
 
 with siren and lights activated commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
 

 (Emphasis added.) The state attempted to prove the charged offense through the testimony of Deputy Sheriff Andrew Stone.
 

 Deputy Stone testified that, on September 29, 2006, he passed an oncoming two-door Mercury vehicle, noticed in his rear-view mirror that the vehicle’s taillights were not working, turned around and decided to initiate a traffic stop. He testified he was driving a “marked patrol car, lights on top,” and was wearing a uniform at the time — the same one he was wearing at the trial. He testified that, to make the Mercury stop, he “engaged” his exterior lights and activated his siren.
 

 At the close of the state’s case in chief, Mr. Slack moved for judgment of acquittal. Defense counsel argued, “I don’t believe there was any testimony about the insignia on the vehicle. I have a case on that that says they must establish this was a law enforcement vehicle that has a law enforcement insignia.” In arguing the motion, defense counsel highlighted
 
 Gorsuch v. State,
 
 797 So.2d 649 (Fla. 3d DCA 2001), a case involving three police vehicles, two of which were unmarked and one of which bore a 15-inch City of Miami seal.
 
 Id.
 
 at 651. In
 
 Gorsuch,
 
 there was no evidence that any of the vehicles exhibited agency insignia or that any sirens had been activated.
 
 Id.
 
 The Third District reversed the defendant’s conviction for fleeing or attempting to elude a law enforcement officer, concluding, “while the facts demonstrate a willful attempt to elude police, ... the facts do not support the officers were ‘in an authorized law enforcement
 
 patrol vehicle
 
 with
 
 agency insignia
 
 and other jurisdictional markings ... with
 
 sirens ... activated.’
 
 ”
 
 Id.
 
 (emphasis in original).
 

 In the present case, the trial judge denied the motion for judgment of acquittal, reasoning: “He did refer it was a marked patrol vehicle, and he did identify himself as a member of the sheriffs department. I know by Florida law their patrol vehicles must be marked in a certain scheme as required by Florida law.” In due course, the jury was later instructed it had to find that “[t]he law enforcement officer was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle and with siren and lights activated,” in order to convict under section 316.1935(2).
 

 On review of an order denying a motion for judgment of acquittal, we “must apply the competent, substantial evidence standard and ‘consider the evidence and all reasonable inferences from the evidence in a light most favorable to the [S]tate.’ ”
 
 State v. Konegen,
 
 18 So.3d 697, 699 (Fla. 4th DCA 2009) (quoting
 
 Jones v. State,
 
 790 So.2d 1194, 1197 (Fla. 1st DCA 2001) (en banc) (citations omitted)). Considering the evidence in this way, we review
 
 de novo
 
 the legal issue a trial court’s ruling
 
 *687
 
 on a motion for judgment of acquittal presents.
 
 See, e.g., Pagan v. State,
 
 830 So.2d 792, 803 (Fla.2002) (citing
 
 Tibbs v. State,
 
 397 So.2d 1120 (Fla.1981)).
 

 While Deputy Stone testified he was driving a “marked patrol car” with “lights on top” and that he activated his lights and siren, there was no evidence of “agency insignia and other jurisdictional markings prominently displayed on the vehicle.” § 316.1935(2), Fla. Stat. (2006). That not all markings on law enforcement vehicles constitute agency insignia was made clear in
 
 Gorsuch.
 
 By neglecting to adduce any evidence that Deputy Stone’s vehicle had agency insignia or other jurisdictional markings, the state failed to make out a prima facie case of fleeing or attempting to elude a law enforcement officer in violation of section 316.1935(2), and the trial court erred in denying Mr. Slack’s motion for judgment of acquittal.
 

 The State argues, however, that it also proved and the jury also necessarily found the appellant guilty of violating section 316.1935(1), which the state argues
 
 [1]
 
 should be deemed a lesser-included offense:
 

 It is unlawful for the operator of any vehicle, having knowledge that he or she has been ordered to stop such vehicle by a duly authorized law enforcement officer, willfully to refuse or fail to stop the vehicle in compliance with such order or, having stopped in knowing compliance with such order, willfully to flee in an attempt to elude the officer, and a person who violates this subsection commits a felony of the third degree, punishable as provided in s.775.082, s.775.083, or s.775.084.
 

 § 316.1935(1), Fla. Stat. (2006). We agree the fact that section 316.1935(1) is punishable in the same fashion as section 316.1935(2) is not determinative.
 
 See Sanders v. State,
 
 944 So.2d 203, 207 (Fla.2006)
 
 (“Ray[ v. State,
 
 403 So.2d 956 (Fla.1981) ] does not require that the lesser included offense be lesser both in degree and in penalty.”).
 

 In
 
 Sanders,
 
 the defendant was charged with attempted first-degree murder and convicted of attempted second-degree murder with a firearm, a lesser-included offense that normally carried a shorter maximum sentence but, with the application of the ten-twenty-life statute, the two offenses carried the same maximum sentence.
 
 Id.
 
 at 205. While subsections (1) and (2) of section 316.1935 are punishable in the same fashion without regard to any enhancement statute, we have interpreted
 
 Sanders
 
 in a way that makes this immaterial.
 
 See Carle v. State,
 
 983 So.2d 693, 695 (Fla. 1st DCA 2008) (holding simple possession is a necessarily included offense of possession of diazepam with intent to sell even though both offenses are third-degree felonies that carry the same penalty because “[ljesser included offenses are determined based on the elements of the offenses, not on the penalties attached”). “Necessarily lesser included offenses are those offenses in which the statutory elements of the lesser included offense are always subsumed within those of the charged offense.”
 
 Id.
 
 (citing
 
 State v. Paul,
 
 934 So.2d 1167, 1176 (Fla.2006)).
 

 In the present case, the jury was instructed, with respect to the elements constituting the offense proscribed by section 316.1935(2):
 

 To prove the crime of fleeing to elude a law enforcement officer the State must prove the following four elements beyond a reasonable doubt. Sidney Slack
 
 *688
 
 was operating a vehicle upon a street or highway in Florida. Secondly, a duly authorized law enforcement officer ordered the defendant to stop or remain stopped. Third, Sidney Slack knowing] he had been directed to stop by a duly authorized law enforcement officer either willfully refused or failed to stop the vehicle in compliance with the order, or having stopped the vehicle willfully fled in an attempt to elude the officer.
 

 ... Number four, the law enforcement officer was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle and with lights and sirens activated.
 

 The jury was instructed that section 316.1935(1) was proven if the State proved all the elements of subsection (2) except the final element.
 

 By finding Mr. Slack guilty of violating section 316.1935(2), the jury made a finding on every element of the lesser-ineluded offense under subsection (l).
 
 [2]
 
 We therefore direct entry of judgment of conviction for subsection (1) on remand. Section 924.34 provides:
 

 When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.
 

 See generally State v. Sigler,
 
 967 So.2d 835, 844 (Fla.2007) (an appellate court can direct a judgment for a permissive lesser-ineluded offense under section 924.34 only if the jury verdict necessarily includes a finding on every element of that offense);
 
 Michelson v. State,
 
 927 So.2d 890, 892-93 (Fla. 4th DCA 2005) (“Although we agree it is impermissible for an appellate court to remand for entry of a judgment of conviction for a lesser-ineluded offense or for a lesser degree of offense for which a jury has not found all essential elements, we find no constitutional prohibition against remand for conviction for a lesser degree or lesser included offense where the jury has specifically found the existence of all elements of the offense and where the error causing remand does not disturb those findings.”).
 

 Reversed and remanded for entry of judgment of conviction for the lesser-included offense of fleeing or attempting to elude a law enforcement officer in violation of section 316.1935(1), Florida Statutes (2006).
 

 KAHN and CLARK, JJ., concur.
 

 [1]
 

 . At trial, the defense objected to treating section 316.1935(1) as a lesser-included offense of section 316.1935(2) because both offenses are third-degree felonies.
 

 [2]
 

 . Whether these elements correspond precisely to the language of section 316.1935(1) is not before us. The defense raised no objection to any element, when it objected to treating section 316.1935(1) as a lesser-ineluded offense on the basis that both section 316.1935(1) and 316.1935(2) are third-degree felonies.