GERBER, J.
The defendant appeals his conviction for aggravated fleeing and eluding under section 316.1935(2), Florida Statutes (2007). He argues that the trial court erred in denying his motion for judgment of acquittal. Specifically, he contends there was no evidence that the patrol vehicles from which he was fleeing had “agency insignia and other jurisdictional markings prominently displayed.” § 316.1935(2), Fla. Stat. (2007). We affirm.
At approximately midnight, two police officers, driving separate marked vehicles with overhead lights, were stopped one behind the other in eastbound traffic at a red light on a major city street. Suddenly, they observed the defendant’s vehicle pass to the right of the stopped traffic. The defendant’s passenger-side wheels went up on the sidewalk. The defendant then ran the red light, continuing eastbound. The first officer activated his overhead lights and siren and pursued the defendant. The second officer activated his overhead lights, but not his siren, and also pursued the defendant. After two blocks, the officers turned off their lights, and the first officer turned off his siren, per department policy not to engage in a chase for a mere traffic infraction. The defendant then made a wild U-turn in front of oncoming traffic to go westbound. As the defendant made the U-turn, the westbound traffic had to stop or steer out of the way to avoid hitting the defendant. The defendant then turned down a side street into a residential neighborhood.
The officers followed the defendant into the neighborhood. After the first officer saw the defendant’s vehicle again, the officer re-activated his lights, but not his siren. The defendant continued driving. The defendant then parked in front of a house and ran from his vehicle towards the house. The officer parked and ran after the defendant. The defendant tried to open a door to the house with a key. As the officer rushed towards him, the defendant broke a window, reached in through the broken glass, opened the door, went inside, and shut the door in the officer’s face. After backup officers arrived, the officer knocked on the door and announced, “Fort Lauderdale police!” The defendant opened the door. The officer told the defendant that he was under arrest. The defendant said, “No, I’m not. I’m not going to get under arrest.” The officers attempted to cuff the defendant, who resisted. The officers eventually took the defendant into custody. The officer testified that the defendant, while in custody, spontaneously said “he was sorry for what he did, that he knew he should have stopped when he saw my lights.”
The state charged the defendant with aggravated fleeing and eluding under section 316.1935(2), Florida Statutes (2007), which provides:
Any person who willfully flees or attempts to elude a law enforcement officer in an authorized law enforcement patrol vehicle, with agency insignia and other jurisdictional markings prominent *852 ly displayed on the vehicle, with siren and lights activated[,] commits a felony of the third degree....
§ 316.1935(2), Fla. Stat. (2007).
At trial, the state asked the first officer:
Q. ... Now, what kind of vehicle were you in?
A. I was in a marked unit.
[[Image here]]
Q. Okay. And [were] there any police officers around you, in front of you or behind you?
A. There was another officer behind me in his own car....
Q. And what was his — what did his vehicle look like?
[[Image here]]
A. A marked unit.
(emphasis added).
Similarly, the state asked the second officer:
Q. And what were you driving?
A. A marked police unit — I’m sorry, a marked police vehicle.
[[Image here]]
Q. Okay. And what happened?
A. I was parked or stopped at a red light direct[ly] behind [the first officer],
Q. And what type of vehicle was he driving?
A. The same type I was, a marked police vehicle.
(emphasis added).
The defendant argues that, “[w]hile it may have appeared clear to ... the jurors” what the phrases “marked unit” and “marked police vehicle” meant, those phrases were insufficient to satisfy section 316.1935(2)’s third element:
The law enforcement officer was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle and with siren and lights activated.
Fla. Std. Jury Instr. (Crim.) 28.7 (2007) (emphasis added).
The state responds that the officers’ references to “marked unit” and “marked police vehicle,” viewed in the light most favorable to the state, constitute competent, substantial evidence that the officers were in authorized law enforcement patrol vehicles “with agency insignia and other jurisdictional markings prominently displayed on the vehicle.” According to the state, “[c]ommon sense dictates that a ‘marked’ unit is a patrol car with the police agency’s insignia prominently displayed and provides an indication of where the agency’s jurisdiction lies. It is clear that the spirit of the law was satisfied.” The state adds that the defendant’s post-arrest statement — “he was sorry for what he did, that he knew he should have stopped when he saw my lights” — proves that the defendant knew he was fleeing from the police.
The supreme court articulated our standard of review in Pagan v. State, 830 So.2d 792 (Fla.2002):
In reviewing a motion for judgment of acquittal, a de novo standard of review applies. Generally, an appellate court will not reverse a conviction which is supported by competent, substantial evidence. If, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt, sufficient evidence exists to sustain a conviction.
Id. at 803 (internal citations omitted).
Applying that standard, we find sufficient evidence exists to sustain the defendant’s conviction. Viewing the officers’ references to “marked unit” and “marked police vehicle” in the light most favorable *853 to the state, in conjunction with the defendant’s admission that he knew he was fleeing from the police, we conclude that competent, substantial evidence supports the defendant’s conviction for aggravated fleeing and eluding.
The defendant relies upon three cases in which our sister courts reversed convictions for aggravated fleeing and eluding because the state did not prove the “agency insignia and other jurisdictional markings” element: Gorsuch v. State, 797 So.2d 649, 651 (Fla. 3d DCA 2001); Jackson v. State, 818 So.2d 539, 542 (Fla. 2d DCA 2002); and Slack v. State, 30 So.3d 684, 687 (Fla. 1st DCA 2010). However, none of those cases involved a defendant admitting that he knew he was fleeing from the police, as occurred here. We find that fact significant. The purpose of requiring the state to prove that “the law enforcement officer was in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle and with siren and lights activated” is to guarantee that the defendant “[knew] he had been directed to stop by a duly authorized law enforcement officer [and] willfully refused or failed to stop.” Fla. Std. Jury Instr. (Crim.) 28.7 (2007). The defendant’s admission here provides that guarantee. We leave for another day our consideration of whether reference to a “marked” vehicle, standing alone, is sufficient to prove the “agency insignia and other jurisdictional markings” element.
We find that the other arguments which the defendant has raised in this appeal are without merit. We choose not to address those arguments in this opinion.

Affirmed.

HAZOURI, J., concurs.
STEVENSON, J., concurs specially with opinion.