STEVENSON, J.,
concurring specially.
I concur in the majority’s result. I concur specially to note that I would find the state’s evidence sufficient to satisfy Florida Statutes section 316.1935(2)’s requirements, even without the defendant’s statement that “he knew he should have stopped because he saw my lights.” In my view, the defendant’s statement adds little to address the alleged deficiency in the state’s case, i.e., section 316.1935(2)’s requirement that the state show that “agency insignia” and other “jurisdictional markings” were prominently displayed on the vehicle. I would find that the testimony of Officer Orlando Almanzar that (1) the attempted stop occurred in Fort Laud-erdale, (2) while he was on duty as a police officer with the City of Fort Lauderdale Police Department, (3) in uniform, (4) on road patrol assignment, and (5) driving a “marked unit,” was more than enough to satisfy the statute’s requirement that the vehicle was “an authorized law enforcement patrol vehicle, with agency insignia and other jurisdictional markings prominently displayed.” Applying the applicable de novo standard of review, and viewing Officer Almanzar’s testimony in the light most favorable to the state, see Pagan v. State, 830 So.2d 792, 803 (Fla.2002), I would conclude that, irrespective of the defendant’s testimony, competent and substantial evidence supports the defendant’s conviction for aggravated fleeing and eluding. To the extent that Gorsuch v. State, 797 So.2d 649, 651 (Fla. 3d DCA 2001), Jackson v. State, 818 So.2d 539, 542 (Fla. 2d DCA 2002), and Slack v. State, 30 So.3d 684, 687 (Fla. 1st DCA 2010), suggest a different result, I would not follow their lead.