DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VINCENT WILLIAMS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-407

[September 12, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dennis D. Bailey, Judge; L.T. Case No. 16008206CF10A.

Carey Haughwout, Public Defender, and Tom Wm. Odom, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Allan R. Geesey, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant Vincent Williams was convicted of willfully fleeing and attempting to elude a police officer in an authorized patrol vehicle, as well as resisting arrest without violence. He was ultimately sentenced on both counts, concurrently, to 364 days in jail followed by three years' probation, a one-year suspension of his driver's license, and a $1000 fine. In this appeal, he contends that the court erred in denying his motion for judgment of acquittal because the State failed to prove that the police were attempting to stop him in an authorized police vehicle which prominently displayed the agency insignia and other jurisdictional marking. We affirm on the authority of *Dumais v. State*, 40 So. 3d 850, 852-53 (Fla. 4th DCA 2010) (finding evidence was sufficient to convict defendant of fleeing and eluding a police officer in an authorized patrol vehicle where officers testified that they were chasing the defendant in a "marked" police vehicle and defendant admitted that he knew he was fleeing from the police).

We reverse, however, the $1000 fine, because the State erroneously informed the court that the fine was mandatory. Section 316.1935(2), Florida Statutes (2016), under which appellant was prosecuted, does not

include a mandatory fine. It is not clear that the court would have imposed the same fine had it known that the fine was not mandatory. On remand, the trial court may reconsider imposing a fine consistent with a third-degree felony conviction. *See* § 775.083(1)(c), Fla. Stat. (2016).

*Reversed and remanded.*

WARNER, MAY and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**