# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D18-1084

_____

ANTONIO DUPREE,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Robert R. Wheeler, Judge.

July 22, 2019

PER CURIAM.

    AFFIRMED. *See Ellis v. State*, 258 So. 3d 491 (Fla. 1st DCA 2018).

OSTERHAUS and BILBREY, JJ., concur; MAKAR, J., dissents with opinion.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

MAKAR, J., dissenting.

This is yet another case involving the statute prohibiting willfully fleeing or attempting to elude a "law enforcement officer in an authorized law enforcement patrol vehicle, *with agency insignia and other jurisdictional markings prominently displayed on the vehicle*, with siren and lights activated," § 316.1935(3), Fla. Stat. (2019) (emphasis added), which has spawned two less than harmonious precedents in this District: *Ellis v. State*, 258 So. 3d 491 (Fla. 1st DCA 2018), and *Slack v. State*, 30 So. 3d 684, 687 (Fla. 1st DCA 2010).

In *Slack*, an officer's testimony that "he was driving a 'marked patrol car' with 'lights on top' and that he activated his lights and siren" was deemed legally insufficient to prove the required element that the defendant was fleeing a patrol vehicle with "agency insignia and other jurisdictional markings prominently displayed on the vehicle." 30 So. 3d at 687. Noting that "not all markings on law enforcement vehicles constitute agency insignia," this Court held that the failure to produce evidence that the police vehicle "had agency insignia or other jurisdictional markings" meant a "prima facie case of fleeing or attempting to elude a law enforcement officer" hadn't been shown, such that the defendant's motion for judgment of acquittal should have been granted. *Id.* (relying on *Gorsuch v. State*, 797 So. 2d 649 (Fla. 3d DCA 2001)) (finding lack of evidence "that any of the vehicles had an agency insignia as required by subsection 316.1935(3)," and noting that a city seal may be a jurisdictional marking but is not an agency insignia).

The evidence in this case falls short of what was required in *Slack*. Here, the only evidence of "agency insignia and other jurisdictional markings prominently displayed on the vehicle" was the following testimony:

> Q: Okay. Let me ask you about this. What exactly were you driving at the time?
>
> A: My *marked patrol car*.
>
> . . .

2

> Q:   And in regard to your marked patrol car, when you
>      say it's "marked," what is it marked with?
>
> A:   *Police logo*, lights; I mean, everything.

That's it. No evidence establishes what the "police logo" looked like, what it said, its size, where it was placed on the vehicle, whether it was prominently displayed, and whether it was a "jurisdictional marking" or an "agency insignia," both of which the statute separately requires. Based on *Slack*'s observation that "not all markings on law enforcement vehicles constitute agency insignia," something more descriptive is required beyond generic statements such as "police logo" on a "marked patrol car." And to say "everything" is to say nothing. *Walker v. State,* 219 So. 2d 707, 708 (Fla. 2d DCA 1969) (generalized statement without details is "like the proverbial Old Mother Hubbard" because it "'covers everything but touches nothing'.").

In *Ellis*, a panel of this Court held that the statutory requirements were met based on testimony that the police vehicle was "marked" and that it had "all the decals, lights and everything." 258 So. 3d at 491 (emphasis omitted). Dashcam video fleetingly showed the words "Pensacola Police Department" on the back of the vehicle; but, there was "no photographic evidence of an agency seal or badge" on the vehicle. *Id.* at 491, 494. Nonetheless, the panel concluded that a jury could find that the vehicle "was marked with the type of agency insignia commonly found on law enforcement vehicles" thereby satisfying the statute. *Id.* at 494.

This case falls closer to *Slack* because, at best, the evidence establishes flight from a "marked patrol car" with a "logo," without any additional description or depictions of the "logo" and its location/prominence on the vehicle. Unlike *Ellis*, which had video evidence showing clearly visible jurisdictional markings on the rear of the patrol vehicle, the record in this case has nothing to support the conclusion that the "logo" was "prominently displayed." The statute and jury instructions specifically require proof beyond a reasonable doubt that the patrol vehicle had "agency insignia and other jurisdictional markings *prominently displayed* on the vehicle and with siren and lights activated." *See* Fla. Std. Jury Instr. (Crim.) 28.8 (Fleeing To Elude A Law

3

Enforcement Officer; Siren and Lights Activated with High Speed or Reckless Driving) (2019) (emphasis added). It is conjecture where the "logo" was located on the vehicle and whether it was "prominently displayed," making reversal under *Slack* the appropriate course.

That said, it bears emphasis once again that evidentiary gaps of the type in this case may not be filled with assumptions or surmise, particularly when the statutory requirements "can be easily proven with a photo of the agency insignia on the vehicle or via answers to questions about the description, size, and placement of the agency insignia and markings." *Ellis*, 258 So. 3d at 499 (Makar, J., dissenting).

———————————————

Kevin Alvarez of the Law Office of Kevin Alvarez P.A., Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Steven E. Woods, Assistant Attorney General, Tallahassee, for Appellee.