626 So.2d 339 (1993)
Darrin Bernard ROGERS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-0459.
District Court of Appeal of Florida, Fourth District.
November 17, 1993.
John D. Bruhn of Bruhn and Moore, Fort Pierce, for appellant.
*340 Robert A. Butterworth, Atty. Gen., Tallahassee, and Edward L. Giles, Asst. Atty. Gen., West Palm Beach, for appellee.
FARMER, Judge.
We reverse defendant's two-count conviction for possession with intent to sell cocaine,[1] and for simple possession of cocaine.[2] During his closing argument and after the jury had been charged, defendant's counsel asked the court for a jury instruction on the lesser-included charge of simple possession as to count I, possession with intent to sell or deliver. The trial judge denied the request, pointing out that he had not asked for it at the charge conference. This was error.
The requested instruction was for a "permissive" lesser-included offense under the standard jury instructions for count I. See Fla.Std.Jury Instr. (Crim.) (Category 2) [300]. Category 2 includes those offenses which may, or may not, be included in the offense charged, depending on the pleadings and proof. In this instance, count I was framed in the conjunctive, charging defendant with both sale of cocaine and possession with intent to sell cocaine. Hence, the precise charge in this case required a lesser-included instruction on simple possession, if requested, as part of the charge for count I.
Although the instruction was not requested at the charge conference, that oversight is no basis to deny a request  made during closing argument and then again after the jury charge itself  to give the lesser-included instruction. See Fla.R.Crim.P. 3.390; Thomas v. State, 591 So.2d 259 (Fla. 4th DCA 1991). The failure to give an authorized and requested lesser-included instruction is reversible error. Amado v. State, 585 So.2d 282 (Fla. 1991).
REVERSED FOR NEW TRIAL.
DELL, C.J., and STONE, J., concur.
NOTES
[1] See § 893.13(1)(a), Fla. Stat. (1991).
[2] See § 893.13(1)(f), Fla. Stat. (1991).