675 So.2d 1043 (1996)
Marcellous WILCOX, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2523.
District Court of Appeal of Florida, Fourth District.
July 3, 1996.
Richard L. Jorandby, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Elliot B. Kula, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
On the authority of our decision in Rogers v. State, 626 So.2d 339 (Fla. 4th DCA 1993), we reverse Appellant's conviction for possession of cocaine with intent to deliver/sell under section 893.13(1)(a), Florida Statutes (1993).
In Rogers, this court recognized that where a defendant is charged with violating section 893.13(1)(a) by possessing with intent to sell a controlled substance, a lesser-included instruction on simple possession is required to be given if requested. Id. at 340. Here, Appellant made such a request. Patently, one cannot be convicted of possession with intent to sell under section 893.13(1)(a) if all the elements of possession are not met. See also Amado v. State, 585 So.2d 282 (Fla. 1991); St. Fabre v. State, 548 So.2d 797 (Fla. 1st DCA 1989).
The trial court's failure to give the requested instruction is per se reversible under State v. Abreau, 363 So.2d 1063 (Fla.1978).
STONE, KLEIN and PARIENTE, JJ., concur.