SHAHOOD, Judge.
Appellant, Keith D. Murphy, was charged with and found guilty of possession of cocaine with intent to deliver in violation of sections 893.03(2)(a)4 and 893.13(l)(a)l, Florida Statutes (Supp.1994). The trial court entered judgment accordingly. Appellant alleges the trial court erred in failing to give a complete and accurate instruction on the lesser-included offense of possession of cocaine after being requested to do so. We agree and reverse and remand for a new trial.
At the conclusion of all the evidence, a charge conference was held outside the presence of the jury. Defense counsel requested that the court read the jury instruction for the lesser offense of possession. After closing arguments, the court began instructing the jury and in doing so stated:
THE COURT: Okay. Folks as you know, ■Keith Murphy is charged with possession of cocaine with intent to deliver or sell that on the 12th day of January, 1995 here in Broward County, Florida he did unlawfully have in his possession with intent to sell, manufacturer [sic] or deliver a controlled substance, to wit, cocaine contrary to the law.
Under that law, certain drugs and chemical substances are by law known as controlled substances. And cocaine is known as a controlled substance under our law. Before you can find the defendant guilty of this crime as charged, the State must prove the following elements beyond a reasonable doubt.
No. 1, the defendant possessed, with intent to sell or manufacturer or deliver, a certain substance, the substance was cocaine; and the defendant had knowledge of the presence of the substance.
Manufacture means the production, preparation, propagation, compounding, cultivating, growing, conversion or processing of a controlled substance either directly or indirectly.
Manufacture can be by extraction from substances of natural origin or independently by means of chemical synthesis. It can also be a combination of extraction and chemical synthesis.
Deliver or delivery means actual or constructed or attempted transfer from one person to another of a controled [sic] substance, whether or not there is an agency relationship.
As to possession, possession means to have personal charge of or exercise the right of ownership, management or control over a thing possessed. Possession may be actual or constructive. Item is in the hands of or on the person, in the bag or container in the hands of or on the person or so close to be within ready reach of the person, it is within the actual possession of that person controlling it.
Possession of two or more means by right I have possession of the material, exercising control over it. Each of these persons is considered to be in possession of that article. If a person has exclusive possession of an item, knowledge of its presence may be inferred or assumed. If a person does not have exclusive possession, knowledge of its presence may not be inferred or assumed.
*269 After the reading of the instructions by the court, the attorneys approached the bench and defense counsel told the judge that he had read only the instruction for possession with intent, but had omitted the instruction for possession of cocaine. The court responded by further instructing the jury as follows:
THE COURT: I told you what possession was with intent to sell. Manufacture. Simple possession is without the intent to manufacture. If you want me to read it to you again, I can read it to you. I know some judges do it that way.
Once I tell you what possession is — you can figure it out. If it is intent to sell, deliver or manufacture, it is simple possession and exercising control.
I’ll tell you about it again if you want me to.
Okay. They don’t want me to.
In the recent case of Wilcox v. State, 675 So.2d 1043 (Fla. 4th DCA 1996), this court held that where a defendant is charged with violating section 893.13(l)(a), Florida Statutes (Supp.1994), by possessing with intent to sell, manufacture, or deliver a controlled substance, a lesser-included instruction on simple possession is required to be given if requested. See also Rogers v. State, 626 So.2d 339 (Fla. 4th DCA 1993).
Appellee concedes that the actual jury instruction on simple possession was not read, but argues that the jury instructions when taken as a whole adequately instructed the jury on the lesser included offense of possession of cocaine and were not misleading to the jury. It is not necessary to address whether the trial court’s instruction was adequate or misleading. Since it involves the next lesser-included offense of the crime charged, the fact that it was incomplete warrants reversal. See Miller v. State, 549 So.2d 1106 (Fla. 2d DCA 1989) (court’s failure to give complete instructions on the definition of the next lesser-included offense has the effect of removing from the jury a fair opportunity to exercise its inherent pardon power.)
We accordingly reverse and remand for a new trial for failure to instruct the jury on the next lesser offense. We decline to address the remaining issues which relate to appellant’s sentence.
Reversed and remanded.
KLEIN and GROSS, JJ., concur.