983 So.2d 693 (2008)
Kenneth CARLE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-6168.
District Court of Appeal of Florida, First District.
June 5, 2008.
*694 Nancy Daniels, Public Defender, and G. Kay Witt, Assistant Public Defender, Office of the Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Christine A. Guard, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PER CURIAM.
We reverse the defendant's conviction of possession of a controlled substance with intent to distribute, because the trial court abused its discretion in failing to instruct the jury on simple possession as a lesser included offense. The exclusion of this necessary lesser included offense from the jury instructions was per se reversible error, and we cannot conclude that it was harmless. Therefore, we reverse the conviction of possession with intent and remand for a new trial on that count.
The appellant, Kenneth Carle, was charged with one count each of sale or delivery of a controlled substance (diazepam); possession of a controlled substance (diazepam) with intent to sell or deliver; possession of less than twenty grams of cannabis; and possession of drug paraphernalia. See §§ 893.13, 893.13(1)(a), 893.13(6)(b), and 893.147(1), Florida Statutes. He was tried by a jury and was found guilty as charged on all counts.
During the charge conference, defense counsel requested that the jury be instructed on possession as a lesser included offense of possession of diazepam with intent to sell (count 2 of the information). The state objected to this instruction, and defense counsel argued that simple possession of a controlled substance would be a lesser included offense if the jury found that the defendant illegally possessed the diazepam pills but lacked the intent to sell or deliver them. However, the state argued that there were no category 1 or 2 lesser included offenses, other than attempt to possess with intent. The court agreed and denied the requested instruction.
After the close of all the evidence, the court instructed the jury on the charges, with no lesser included offenses on the count of possession of diazepam with intent, over defense counsel's renewed objection. Subsequently, the jury returned a verdict of guilty as charged on all four counts.
After denying a motion for new trial by the defendant, the trial court sentenced him to concurrent terms of five years in prison on the counts of sale and possession of diazepam, and concurrent terms of one year on the marijuana and paraphernalia *695 counts. The defendant now appeals the denial of his motion for judgment of acquittal and of his requested jury instruction.
A trial court has discretion in instructing a jury, and the giving or withholding of a proposed jury instruction is reviewed under an abuse of discretion standard. See Bozeman v. State, 714 So.2d 570 (Fla. 1st DCA 1998); Kearse v. State, 662 So.2d 677 (Fla.1995); Brown v. State, 721 So.2d 274 (Fla.1998); James v. State, 695 So.2d 1229 (Fla.1997); Palmore v. State, 838 So.2d 1222, 1223 (Fla. 1st DCA 2003). The trial court's discretion is limited, however, by the fact that a defendant is entitled to have the jury be instructed on his defense theory if his theory is valid under Florida law and if defendant has any proof of this. Id.
The defendant argues that the trial court's denial of his request for a jury instruction on simple possession as a lesser included offense of the charge of possession of diazepam with intent to sell was per se reversible error, because, under rule 3.510(b), Florida Rules of Criminal Procedure, simple possession is a necessarily included offense of possession with intent to sell. Where a defendant is charged with violating section 893.13(1)(a) by possessing a controlled substance with intent to sell, a lesser included instruction on simple possession is required to be given if requested. See State v. Abreau, 363 So.2d 1063 (Fla.1978); Wilcox v. State, 675 So.2d 1043, 1043 (Fla. 4th DCA 1996); Rogers v. State, 626 So.2d 339 (Fla. 4th DCA 1993).
But the state maintains that simple possession of diazepam is not a lesser included offense of possession with intent to sell diazepam, because both charges are third-degree felonies and carry the same penalty. The state charged the defendant with possession of diazepam with intent to sell, which violates section 893.13(1)(a)(2), because diazepam is a schedule IV controlled substance under section 893.03(4)(p). Thus, the charged crime was a third-degree, level three felony under the offense severity ranking chart in section 921.0022(3)(c). The same severity level and felony degree attaches to simple possession of a controlled substance, which is a violation of section 893.13(6)(a). Because both charges are of the same degree and level and carry the same punishment, the state maintains that simple possession is not a lesser included offense of possession of diazepam with intent to sell, and the trial court thus did not err in denying the requested instruction.
Lesser included offenses are determined based on the elements of the offenses, not on the penalties attached. Necessarily lesser included offenses are those offenses in which the statutory elements of the lesser included offense are always subsumed within those of the charged offense. See State v. Paul, 934 So.2d 1167, 1176 (Fla.2006). In Sanders v. State, 944 So.2d 203 (Fla.2006), the Florida Supreme Court held that, in order for an offense to be a lesser included offense, it is not necessary that it result in a lesser penalty than either the penalty for the main offense or that for the next greater offense on the verdict form. The court clarified that there is no requirement that the lesser included offense "be lesser both in degree and in penalty." Sanders, 944 So.2d at 207. It is therefore clear that the trial court in the present case committed reversible error by failing to give the instruction on the necessary lesser included offense of simple possession.
The state contends that any error was harmless, because the defendant would have been subject to the same sentence were he convicted of simple possession, as both simple possession and possession *696 with intent are third-degree, level three felonies. Neither Sanders nor any other case we have located squarely addresses the harmless error question presented here. However, it seems to us that, if the error were necessarily harmless simply because the penalties are the same, the error would always be harmless in every case. And if that were so, there would be no point in defining a lesser included offense to include crimes that have the same penalty as the charged offense. Therefore, on the facts before us, and in light of the express holding in Wilcox, we conclude that the per se reversible nature of the error involved here compels reversal.
For these reasons, we reverse the conviction of possession of a controlled substance with intent to sell and remand for a new trial on this count. We reject the defendant's arguments on his additional claim that the denial of his motion for judgment of acquittal was error. The convictions on the other three counts are affirmed.
Affirmed in part, reversed in part and remanded.
ALLEN, WEBSTER, and PADOVANO, JJ., concur.