CASANUEVA, Chief Judge.
A.D. appeals the trial court’s order finding her guilty of contributing to the delinquency or dependency of a child, withholding adjudication, and placing her on a term of probation. Because the finding of guilt is for an offense that was not charged in the delinquency petition and is not a lesser-included of the charged offense, we reverse.

Facts

By juvenile petition, the State charged A.D. with one count of felony child abuse.[1] The petition alleged that A.D. “did intentionally inflict physical or mental injury upon [C.F.], a child, or did an intentional act or actively encouraged another to commit an act that results or could reasonably be expected to result in physical or mental injury to [C.F.], a child.”
Following the close of evidence, A.D. moved for a judgment of acquittal. The trial court granted the motion but, over A.D.’s objection, found her guilty of what it ruled was the lesser-included offense of contributing to the dependency of a minor.[2]

Analysis

A.D. contends that the trial court’s finding of guilt under the circumstances presented constitutes a denial of due process. “A conviction on a charge not contained in the charging document is considered a denial of due process. This principle applies in juvenile delinquency proceedings.” N.H.M. v. State, 974 So.2d *833 484, 485-86 (Fla. 2d DCA 2008) (internal citations omitted).
The issue before this court is whether contributing to the delinquency or dependency of a child is a lesser-included offense of child abuse. For one offense to be a necessarily lesser-included offense of another, its statutory elements must be subsumed by the charged offense. See Carle v. State, 983 So.2d 693, 695 (Fla. 1st DCA 2008). Consequently, we must look to the statutory elements of both offenses.
To commit the offense of contributing to the delinquency or dependency of a child, one must commit an act “which causes, tends to cause, encourages, or contributes to a child becoming a delinquent or dependent child or a child in need of services.” § 827.04, Fla. Stat. (2006). However, the statute for felony child abuse does not require one to contribute to a child becoming delinquent, dependent, or in need of services. See § 827.03(1). Therefore, the former is not a necessarily lesser-included offense of the latter. See also Fla. Std. Jury Instr. (Crim.) 16.3 (giving the standard jury instruction for child abuse, but not listing contributing to the delinquency or dependency of a child as a lesser-included offense).
We must also determine whether contributing to the delinquency or dependency of a child might possibly be a permissive lesser-included offense. “[WJhen an offense is not a necessarily lesser-included offense of the charged offense— that is, the offense is a ‘category 2’ or permissive lesser-included offense — the trial court cannot convict the defendant of the lesser crime unless the allegations of the charging document include the elements of that crime.” 974 So.2d at 486. The charging petition in this case makes no mention of the major element of contributing to the delinquency of a minor to support a finding of guilt for that offense.

Conclusion

Because contributing to the delinquency or dependency of a minor is not a category one or category two lesser-included offense of felony child abuse, as charged, we reverse and remand for proceedings consistent with this opinion.
Reversed and remanded.
SILBERMAN and CRENSHAW, JJ., Concur.

. See § 827.03, Fla. Stat. (2006).

. See § 827.04, Fla. Stat. (2006).