ALTENBERND, Judge.
Bobby Lee Ewing appeals his judgments and sentences for possession of methamphetamine with intent to sell,[1] sale of methamphetamine,[2] possession of drug paraphernalia,[3] and possession of a structure used for trafficking in a controlled substance.[4] For each of the felonies, he received a concurrent ninety-month term of imprisonment. We affirm all of the convictions with the exception of the conviction for possession of methamphetamine with intent to sell. As to that offense, the trial court erred in failing to give a jury instruction on simple possession of methamphetamine as a necessary lesser-included offense. Even though this lesser-included offense is not listed in the standard instructions as a necessary lesser-included offense, we reverse the conviction and sentence and remand for a new trial. Finally, because this reversal may significantly affect the scoresheet that the trial court used in sentencing Mr. Ewing for the other felonies, we reverse those sentences and remand for resentencing.
For events occurring on December 9, 2008, the State charged Mr. Ewing with possession of methamphetamine with intent to sell, sale of methamphetamine, possession of drug paraphernalia, and possession of a structure used for trafficking in a controlled substance. Mr. Ewing went to trial in October 2009 on the charges. During the trial, the judge discussed the jury instructions with the attorneys immediately before a lunch break. At that time, the judge expressed his opinion that possession of methamphetamine had to be a necessary lesser-included offense of possession of methamphetamine with intent to sell. He asked the attorneys to add that offense as a lesser-included offense on the verdict form.
*69 A few hours later, when the attorneys were working with the judge at the jury instruction conference, the assistant state attorney pointed out that Florida Standard Jury Instruction in Criminal Cases 25.2 does not list simple possession as a necessary lesser-included offense for possession with intent to sell. The judge clearly doubted the accuracy of the list of lesser-included offenses contained in the standard instructions, but he decided — against his better judgment — to obey the content of the standard instruction. Unfortunately, it turns out that he should have relied on his own better judgment instead of the standard jury instruction.
The relevant standard jury instruction includes standard language to use with a wide range of drug offenses under subsections 893.13(l)(a) and (2)(a), Florida Statutes (2008). As a result, it was probably very difficult for the committee creating these standard instructions to prepare a list of lesser-included offenses in table form that would be accurate for all of the offenses in the statute. In this case, the table in the standard instructions is simply incomplete for this offense.
In Carle v. State, 983 So.2d 693, 695 (Fla. 1st DCA 2008), the court held that simple possession of diazepam was a necessary lesser-included offense of possession of diazepam with intent to sell. See also Murphy v. State, 684 So.2d 267, 269 (Fla. 4th DCA 1996) (reversing the defendant’s conviction for possession of cocaine with intent to deliver because the trial court denied his request to instruct the jury on the lesser-included offense of possession of cocaine); Johnson v. State, 570 So.2d 1158, 1158 (Fla. 5th DCA 1990) (finding that the defendant was entitled to an instruction on simple possession as a lesser-included offense of the unlawful sale, delivery, or possession of a controlled substance with intent to sell or deliver). In examining the elements of the offense, it is clear that the crime of possession of any drug is an offense that is fully subsumed within the elements of the crime of possession of the drug with intent to sell. See, e.g., Wilcox v. State, 675 So.2d 1043, 1043 (Fla. 4th DCA 1996) (“Patently, one cannot be convicted of possession with intent to sell under section 893.13(l)(a) if all the elements of possession are not met.”). Given that simple possession in this context is the next lesser-included offense, the trial court’s failure to provide this instruction over the defendant’s objection is an error requiring a new trial. State v. Ahreau, 363 So.2d 1063, 1064 (Fla.1978) (“[T]he failure to instruct on the next immediate lesser-included offense (one step removed) constitutes error that is per se reversible.”).
Although the Supreme Court Committee on Standard Jury Instructions in Criminal Cases does its best to provide adequate instructions, it is worth noting that the supreme court approves the committee’s instructions for use but does not express an opinion on the correctness of the instructions. For example, when the Supreme Court approved the committee’s proposed changes in July 2010, it included its standard language that it “authorize^] the publication and use of the instructions,” but advised that:
In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability.
*70 In re Standard Jury Instructions in Criminal Cases-Report No. 2010-02, 44 So.3d 565, 566 (Fla.2010).
Moreover, Florida Rule of Criminal Procedure 3.985, which is tucked away inside the section of the rules on forms, explains:
The forms of Florida Standard Jury Instructions in Criminal Cases ... may be used by the trial judges of this state in charging the jury in every criminal case to the extent that the forms are applicable, unless the trial judge shall determine that an applicable form of instruction is erroneous or inadequate, in which event the judge shall modify or amend the form or give such other instruction as the trial judge shall determine to be necessary to instruct the jury accurately and sufficiently on the circumstances of the case; and, in such event, the trial judge shall state on the record or in a separate order the respect in which the judge finds the standard form erroneous or inadequate and the legal basis of the judge’s finding.
This is one of those cases in which the trial court should have stated on the record its determination that the standard instruction was inadequate. In that event, we would simply have affirmed this case and sent the trial court’s finding on to the Committee for its consideration. As it stands, we must send this opinion to the Committee and require the trial court to retry this count of the information.
Affirmed in part, reversed in part, and remanded.
KHOUZAM and CRENSHAW, JJ., Concur.

. See §§ 893.13(l)(a)(l), ,03(2)(c)(4), Fla. Stat. (2008).

. See §§ 893.13(l)(a)(l), .03(2)(c)(4).

. See § 893.147(1).

. See § 893.1351(2).