# Supreme Court of Florida

_____

No. SC16-1185
_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2016-06.**

[February 9, 2017]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize for publication and use the amended

and newly adopted standard instructions. We have jurisdiction. See art. V, § 2(a),

Fla. Const.

The Committee proposes amending existing standard instructions 10.9

(False Reports of Bombing); 10.10 (False Reports of Bombing State-Owned

Property); 13.1 (Burglary); and 21.7 (Giving False Name or Identification to Law

Enforcement Officer Adversely Affecting Another). In addition, the Committee

proposes new instruction 8.22(a) (Threat to [Kill] [Do Serious Bodily Harm to] a

[Public Official] [Family Member of a Public Official]). Following publication of

its proposals by the Committee, two comments were received by the Committee, from the Florida Public Defenders Association and the Florida Association of Criminal Defense Lawyers, pertaining to the proposals to create new instruction 8.22(a) and to amend instructions 10.9 and 10.10. The Committee did not make any changes to its proposals. After the Committee filed its report, the Court did not publish the proposals. The Court authorizes instructions 13.1 and 21.7 as proposed, and authorizes instructions 8.22(a), 10.9, and 10.10, with modifications. The more significant amendments to the instructions are discussed below.

New instruction 8.22(a) (Threat to [Kill] [Do Serious Bodily Harm to] a [Public Official] [Family Member of a Public Official]), instructs upon the new misdemeanor crime in section 836.12(2), Florida Statutes (2016), enacted in chapter 2016-156, section 3, Laws of Florida. The new subsection provides as follows:

> Any person who threatens a law enforcement officer, a state attorney, an assistant state attorney, a firefighter, a judge, or an elected official, or a family member of such persons, with death or serious bodily harm commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

§ 836.12(2), Fla. Stat. (2016). With regard to instruction 8.22(a), upon consideration of the comments received by the Committee and the Committee's response, we authorize instruction 8.22(a), and add a provision to instruct jurors that the State must prove that the defendant knew that the person threatened was

- 2 -

within the class of protected persons identified in the statute, including "law enforcement officer," "state attorney," "assistant state attorney," "firefighter," "judge," "elected official," or "family member" of such persons.

Instruction 10.9, amended in light of the 2016 amendments to the statutory definition of the crime, in section 790.163(1), Florida Statutes (2016), see ch. 2016-156, § 1, Laws of Fla., is retitled "False Reports Concerning the [Placing or Planting of a Bomb, Dynamite, Other Deadly Explosive, or a Weapon of Mass Destruction] [Use of Firearms in a Violent Manner Against a Person]." Instruction 10.10, also amended in light of the 2016 amendments to the statutory definition of the crime, in section 790.164, Florida Statutes (2016), see ch. 2016-156, § 2, Laws of Fla., is retitled "False Reports Concerning [The Placing or Planting of a Bomb, Dynamite, Other Deadly Explosive, or a Weapon of Mass Destruction] [An Act of Arson or Other Violence] To Property Owned by the State [or Any Political Subdivision]." In both instructions 10.9 and 10.10, consistent with sections 790.163(3) and 790.164(3), respectively, and upon review of the comments received by the Committee and the Committee's response thereto, the Court has replaced the Committee's "inference provision" with the following language: "Proof that a person knowingly made a false report is prima facie evidence of that person's intent to deceive, mislead, or otherwise misinform any person."

Having considered the Committee's report, jury instructions 8.22(a), 10.9, and 10.10, as modified by the Court, and instructions 13.1 and 21.7, as proposed by the Committee, and as set forth in the appendix to this opinion, are hereby authorized for publication and use.[1] New language is indicated by underlining, and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, and
POLSTON, JJ., concur.
LAWSON, J., did not participate.

---

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge Frederic Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Barton Neil Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

      for Petitioner

# APPENDIX

## 8.22(a) THREAT TO [KILL] [DO SERIOUS BODILY HARM TO] A [PUBLIC OFFICIAL] [FAMILY MEMBER OF A PUBLIC OFFICIAL]
§ 836.12(2), Fla. Stat.

**To prove the crime of Threat to [Kill] [Do Serious Bodily Harm to] a [Public Official] [Family Member of a Public Official], the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **threatened to [kill] [do serious bodily harm to]** (person receiving threat)**.**

2. **At the time,** (person receiving threat) **was a[n] [family member of a[n]] [law enforcement officer] [state attorney] [assistant state attorney] [firefighter] [judge] [elected official].**

3. (Defendant) **knew** (victim) **was a[n] [family member of a[n]] [law enforcement officer] [state attorney] [assistant state attorney] [firefighter] [judge] [elected official].**

*Definitions. Give if applicable.*
*§ 836.12(1)(a), Fla. Stat.*
**"Family member" means:**
1. **An individual related to another individual by blood or marriage; or**
2. **An individual who stands in loco parentis to another individual. "In loco parentis" means in place of a parent.**

*§ 836.12(1)(b), Fla. Stat.*
**"Law enforcement officer" means any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state.**

*Definitions for part-time and auxiliary law enforcement officers can be found in § 943.10, Fla. Stat.*

**"Law enforcement officer" includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency.**

*§ 836.12(1)(b)2, Fla. Stat.*
**"Law enforcement officer" includes a person who is employed by the Federal Government as a full-time law enforcement officer as defined by federal law, who is empowered to effect an arrest for violations of the United States Code, who is authorized to carry firearms in the performance of her or his duties, and who has received law enforcement training equivalent to that prescribed for state law enforcement officers.**

*§ 633.102(9), Fla. Stat.*
**"Firefighter" means an individual who holds a current and valid Firefighter Certificate of Compliance or Special Certificate of Compliance issued by the Division of State Fire Marshal under Florida law.**

*Give if applicable if the jury finds the defendant guilty of Threat to [Kill] [Do Serious Bodily Harm to] a [Public Official] [Family Member of a Public Official]. § 836.12(3), Fla. Stat.*
**Now that you have found the defendant guilty of Threat to [Kill] [Do Serious Bodily Harm to] a [Public Official] [Family Member of a Public Official], you must further determine whether the State has proven beyond a reasonable doubt that the defendant was previously convicted of the same crime.**

**"Conviction" means a determination of guilt which is the result of a plea or a trial, regardless of whether adjudication is withheld or a plea of nolo contendere is entered.**

## Lesser Included Offenses

| THREAT TO [KILL] [DO SERIOUS BODILY HARM TO] A [PUBLIC OFFICIAL] [FAMILY MEMBER OF A PUBLIC OFFICIAL] — 836.12(2) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Assault on a law enforcement officer* | 784.07(2)(a)* | 8.10* |
| | Assault | 784.011 | 8.11 |
| | Attempt | 777.04(1) | 5.1 |

## Comments

*It is not clear whether Assault on a Law Enforcement Officer can be a lesser included offense of § 836.12(2), Fla. Stat., because both crimes are first degree misdemeanors. Practitioners may wish to review *Sanders v. State*, 944 So. 2d 203 (Fla. 2006) and *Carle v. State*, 983 So. 2d 693 (Fla. 1st DCA 2008).

This instruction can be used for the felony crime in § 836.12(3), Fla. Stat., which is based on a prior conviction for § 836.12(2), Fla. Stat. If the felony is charged, it is error to inform the jury of the prior conviction until the verdict on the underlying crime is rendered. Therefore, if the information or indictment contains an allegation of a prior conviction, that allegation must not be read to the jury before the verdict and the information or indictment must not be given to the jurors before the verdict. If the defendant is found guilty, the historical fact of a prior conviction shall be determined separately by the jury in a bifurcated proceeding. *See State v. Harbaugh,* 754 So. 2d 691 (Fla. 2000).

This instruction was adopted in 2017.

## 10.9 FALSE REPORTS OF BOMBING CONCERNING THE [PLACING OR PLANTING OF A BOMB, DYNAMITE, OTHER DEADLY EXPLOSIVE, OR A WEAPON OF MASS DESTRUCTION] [USE OF FIREARMS IN A VIOLENT MANNER AGAINST A PERSON]
§ 790.163(1), Fla._Stat.

**To prove the crime of** (crime charged) **False Report Concerning the [Placing or Planting of a Bomb, Dynamite, Other Deadly Explosive, or a**

**Weapon of Mass Destruction] [Use of Firearms in a Violent Manner Against a Person], the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **made a false report to** (person receiving report) **any person concerning [the placing or planting of** (explosive alleged) **a bomb, dynamite, other deadly explosive, or a weapon of mass destruction] [the use of firearms in a violent manner against a person].**

2. (Defendant) **knew the report was false.**

3. **The report was made with intent to deceive, mislead or otherwise misinform** (person alleged) **any person.**

*§ 790.163(3), Fla. Stat.*
**Proof that a person knowingly made a false report is prima facie evidence of that person's intent to deceive, mislead, or otherwise misinform any person.**

*Definitions. Give if applicable.*
*§ 790.166(1)(a), Fla. Stat.*
**"Weapon of mass destruction" means:**
1. **Any device or object that is designed or intended to cause death or serious bodily injury to any human or animal, or severe emotional or mental harm to any human, through the release, dissemination, or impact of toxic or poisonous chemicals, or their precursors;**
2. **Any device or object involving a biological agent;**
3. **Any device or object that is designed or intended to release radiation or radioactivity at a level dangerous to human or animal life; or**
4. **Any biological agent, toxin, vector, or delivery system.**

**"(Explosive alleged)" is defined as** (adapt the definition of the explosive alleged from § 790.001(5), Fla.Stat., as required by the allegations)**.**

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

**Comments**

There are no definitions for "bomb," "dynamite," or "deadly explosive" in the statutes or case law, although there is a definition of "explosive" in § 790.001(5), Fla. Stat.

This instruction was adopted in 1981 and was amended in 1985 and 2017.


**10.10 FALSE REPORTS ~~OF BOMBING~~ CONCERNING [THE PLACING OR PLANTING OF A BOMB, DYNAMITE, OTHER DEADLY EXPLOSIVE, OR A WEAPON OF MASS DESTRUCTION] [AN ACT OF ARSON OR OTHER VIOLENCE] ~~STATE-OWNED~~TO PROPERTY OWNED BY THE STATE [OR ANY POLITICAL SUBDIVISION]**
§ 790.164(1), Fla. Stat.

**To prove the crime of False Report~~s of Bombing State-Owned Property~~Concerning [the Placing or Planting of a Bomb, Dynamite, Other Deadly Explosive or a Weapon of Mass Destruction] [an Act of Arson or Other Violence] to Property Owned by the State [or any Political Subdivision], the State must prove the following four elements beyond a reasonable doubt:**

1. (Defendant) **made a false report to** ~~(person alleged)~~**any person concerning [the placing or planting of a bomb, dynamite, other deadly explosive, or a weapon of mass destruction] [an act of arson or other violence] to property.**

   **[the placing or planting of** ~~(explosive alleged)~~**].**
   **[**~~(alleged act of arson)~~**].**
   **[**~~(other violence alleged)~~**].**

2. **The property was owned by the State [or any political subdivision]** ~~(person alleged)~~**.**

3. (Defendant) **knew the report was false.**

4. **The report was made with the intent to deceive, mislead or otherwise misinform** ~~(person alleged)~~ **any person.**

- 10 -

*§ 790.164(3), Fla. Stat.*
**Proof that a person knowingly made a false report is prima facie evidence of that person's intent to deceive, mislead, or otherwise misinform any person.**

*Definitions. Give if applicable.*
*§ 790.166(1)(a), Fla. Stat.*
**"Weapon of mass destruction" means:**
**1.      Any device or object that is designed or intended to cause death or serious bodily injury to any human or animal, or severe emotional or mental harm to any human, through the release, dissemination, or impact of toxic or poisonous chemicals, or their precursors;**
**2.      Any device or object involving a biological agent;**
**3.      Any device or object that is designed or intended to release radiation or radioactivity at a level dangerous to human or animal life; or**
**4.      Any biological agent, toxin, vector, or delivery system.**

*§ 1.01(8), Fla. Stat.*
**"Political subdivision" means counties, cities, towns, villages, special tax school districts, special road and bridge districts, bridge districts, and all other districts in this state.**

**"(Explosive alleged)"** **is defined as** (adapt the definition of the explosive alleged from § 790.001(5), Fla.Stat., as required by the allegations)**.**

**Lesser Included Offenses**

| FALSE REPORT~~S~~ ~~OF~~ CONCERNING THE [PLACING OR PLANTING OF A BOMB, DYNAMITE, OTHER DEADLY EXPLOSIVE, OR A WEAPON OF MASS DESTRUCTION] [AN ACT OF ARSON OR OTHER VIOLENCE] TO PROPERTY OWNED BY THE STATE [OR ANY POLITICAL SUBDIVISION] ~~OR ARSON OR OTHER VIOLENCE TO PROPERTY OWNED BY THE STATE STATE-OWNED PROPERTY~~ — 790.164(1) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| ~~None~~False report concerning the placing or planting of a bomb, dynamite, other deadly | | 790.163(1) | 10.9 |

- 11 -

| explosive, or a weapon of mass destruction (if charged) | | | |
|---|---|---|---|
| | Attempt | 777.04(1) | 5.1 |
| | False reports ~~of bombing~~ concerning the use of firearms in a violent manner against a person* | 790.163(1)* | 10.9* |

## Comments

*Although the crime set forth in § 790.164(1), Fla. Stat., includes language covering a false report concerning the use of firearms in a violent manner against a person, that part of the statute does not pertain to a threat against property owned by the state or a political subdivision. For an allegation involving a false report concerning the use of firearms in a violent manner against a person, the trial judge should refer to Instruction 10.9

There are no definitions for "bomb," "dynamite," or "deadly explosive" in the statutes or case law, although there is a definition of "explosive" in § 790.001(5), Fla. Stat.

This instruction was adopted in 1981 and was amended in 1985 and 2017.

### 13.1 BURGLARY
§ 810.02, Fla. Stat.

*Give if the information or indictment charges entering with the intent to commit an offense:*
**To prove the crime of Burglary, the State must prove the following [two] [three] elements beyond a reasonable doubt:**

1.    (Defendant) **entered a [structure] [conveyance] owned by or in the possession of** (person alleged)**.**

2.    **At the time of entering the [structure] [conveyance],** (defendant) **had the intent to commit** [(the crime alleged)] **[an offense other than burglary or trespass] in that [structure] [conveyance].**

*The offense intended cannot be trespass or burglary.* <u>*If requested, the jury should be instructed on the elements of the offense(s) intended.*</u>

*Give element 3 only if defendant meets his or her burden of production that he or she had an invitation or license to enter, or that the premises were open to the public. See State v. Hicks, 421 So. 2d 510 (Fla. 1982), and State v. Waters, 436 So. 2d 66 (Fla. 1983).*

3.      **[(Defendant) was not [licensed] [invited] to enter the [structure] [conveyance].] [The premises were not open to the public at the time of the entering.]**

*Give if applicable.*
**If the [license] [invitation] to enter was obtained by (defendant's) trick or fraud or deceit, then the [license] [invitation] to enter was not valid.**

*Give if applicable.*
**If** (defendant) **entered premises that were open to the public, but then entered an area of the premises that [he] [she] knew or should have known was not open to the public,** (defendant) **committed a burglary if [he] [she] entered that non-public area with the intent to commit** [(the crime alleged)] **[an offense other than burglary or trespass] in that non-public area.**

*Give if applicable. § 810.07 Fla. Stat.*
**You may infer that** (defendant) **had the intent to commit a crime inside a [structure] [conveyance] if the [entering] [attempted entering] of the [structure] [conveyance] was done stealthily and without the consent of the owner or occupant.**

*Give if applicable.*
**The entry necessary need not be the whole body of the defendant. It is sufficient if the defendant, with the intent to commit a crime, extends any part of [his] [her] body into the [structure] [conveyance].**

*Give if the information or indictment charges remaining with the intent to commit an offense:*
**To prove the crime of Burglary, the State must prove the following two elements beyond a reasonable doubt:**

1.      (Defendant) **had permission or consent to enter a [structure] [conveyance] owned by or in the possession of** (person alleged)**.**

**2.**     (Defendant)**, after entering the [structure] [conveyance], remained therein**

*Give 2a, 2b, or 2c as applicable.*

**a.     surreptitiously and with the intent to commit** [(the crime alleged)] **[an offense other than burglary or trespass] inside the [structure] [conveyance].**

**b.     after permission to remain had been withdrawn and with the intent to commit** [(the crime alleged)] **[an offense other than burglary or trespass] inside the [structure] [conveyance].**

**c.     with the intent to commit or attempt to commit a [forcible felony]** [(the forcible felony alleged)**] inside the [structure] [conveyance].**

*The offense intended cannot be trespass or burglary. Forcible felonies are listed in § 776.08 Fla. Stat. If requested, the jury should be instructed on the elements of the offense(s) or forcible felony/felonies intended.*

*Proof of intent.*
**The intent with which an act is done is an operation of the mind and, therefore, is not always capable of direct and positive proof. It may be established by circumstantial evidence like any other fact in a case.**

**Even though an unlawful [entering] [remaining in] a [structure] [conveyance] is proved, if the evidence does not establish that it was done with the intent to commit** [(the crime alleged)] **[an offense other than burglary or trespass], the defendant must be found not guilty of burglary.**

*Proof of possession of stolen property.*
**Proof of possession by an accused of property recently stolen by means of a burglary, unless satisfactorily explained, may justify a conviction of burglary if the circumstances of the burglary and of the possession of the stolen property convince you beyond a reasonable doubt that the defendant committed the burglary.**

- 14 -

*Definitions; give as applicable.*
*§ 810.011(1), Fla. Stat.*
**"Structure" means any building of any kind, either temporary or permanent, that has a roof over it, and the enclosed space of ground and outbuildings immediately surrounding that structure.**

*§ 810.011(3), Fla. Stat.*
**"Conveyance" means any motor vehicle, ship, vessel, railroad car, trailer, aircraft or sleeping car; and to enter a conveyance includes taking apart any portion of the conveyance.**

*Burglary enhancements:*
*With an assault.*
**If you find** (defendant) **guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether, in the course of committing the burglary,** (defendant) **assaulted any person. An assault is an intentional and unlawful threat, either by word or act, to do violence to another, at a time when the defendant appeared to have the ability to carry out the threat and [his] [her] act created a well-founded fear in the other person that the violence was about to take place.**

*With a battery.*
**If you find** (defendant) **guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether, in the course of committing the burglary,** (defendant) **battered any person. A battery is an actual and intentional touching or striking of another person against that person's will or the intentional causing of bodily harm to another person.**

*While armed.*
**If you find** (defendant) **guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether, in the course of committing the burglary,** (defendant) **was armed or armed [himself] [herself] within the [structure] [conveyance] with [explosives] [a dangerous weapon].**

*Definitions. Give as applicable. § 790.001(5), Fla. Stat. See exceptions in § 790.001(5)(a)–(d), Fla. Stat.*
**"Explosive" means any chemical compound or mixture that has the property of yielding readily to combustion or oxidation upon application of heat, flame, or shock, including but not limited to dynamite, nitroglycerin,**

**trinitrotoluene, or ammonium nitrate when combined with other ingredients to form an explosive mixture, blasting caps, and detonators.**

**A "dangerous weapon" is any weapon that, taking into account the manner in which it is used, is likely to produce death or great bodily harm. It is not necessary for the State to prove that the defendant intended to use or was willing to use the weapon in furtherance of the burglary in order for a weapon to constitute a "dangerous weapon."**

**To "arm" oneself during the course of a burglary includes possessing a firearm, whether loaded with ammunition or not, at any time during the course of committing the burglary.**

*Structure or conveyance is a dwelling.*
**If you find** (defendant) **guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether the [structure] [conveyance] [entered] [remained in] was a dwelling.**

*Definition. Give as applicable.*
**"Dwelling" means a building [or conveyance] of any kind, whether such building [or conveyance] is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the enclosed space of ground and outbuildings immediately surrounding it. For purposes of burglary, a "dwelling" includes an attached porch or attached garage.**

*Human being in structure or conveyance.*
**If you find** (defendant) **guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether, in the course of committing the burglary, there was another human being in the [structure] [conveyance], at the time [he] [she] [entered] [remained in] the [structure] [conveyance].**

*Offense intended is theft of a controlled substance.*
**If you find** (defendant) **guilty of burglary, you must also determine whether the State has proved beyond a reasonable doubt that the offense intended to be committed therein was theft of a controlled substance. Pursuant to Florida law,** (*name of controlled substance*) **is a controlled substance. A theft occurs when a person knowingly and unlawfully obtains or uses or endeavors to obtain or use the property of the victim and does so with the intent to, either temporarily or permanently, deprive the victim of his or**

**her right to the property or any benefit from it or to appropriate the property of the victim to his or her own use or to the use of any person not entitled to it.**

*Traveling from county of residence into another county with intent to commit a burglary and with purpose to thwart law enforcement efforts to track stolen property. § 843.22, Fla. Stat.*

**If you find** (defendant) **guilty of [Burglary] [Attempted Burglary] [Solicitation to Commit Burglary] [Conspiracy to Commit Burglary], you must also determine whether the State proved beyond a reasonable doubt that:**

1.   (Defendant) **had a county of residence within Florida; and**

2.   (Defendant) **travelled any distance with the intent to commit a burglary in a county in Florida other than [his] [her] county of residence; and**

3.   **The purpose of** (defendant's) **travel was to thwart law enforcement attempts to track items stolen in the burglary.**

**"County of residence" means the county within this state in which a person resides.**

**Evidence of a person's county of residence includes, but is not limited to:**

1.   **The address on a person's driver license or state identification card;**

2.   **Records of real property or mobile home ownership;**

3.   **Records of a lease agreement for residential property;**

4.   **The county in which a person's motor vehicle is registered;**

**The county in which a person is enrolled in an educational institution;**

6.   **The county in which a person is employed.**

*Dwelling or structure with use of motor vehicle or damage.*
**If you find** (defendant) **guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether, in the course of committing the burglary,** (defendant) **entered a [dwelling] [structure] and**

1.   **used a motor vehicle as an instrumentality, other than merely as a getaway vehicle, to assist in committing the offense, and thereby damaged the [dwelling] [structure].**

**or**

2.   **caused damage to the [dwelling] [structure] [property within the [dwelling] [structure]], in excess of $1,000.**

*Authorized emergency vehicle.*
**If you find** (defendant) **guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether the conveyance [entered] [remained in] was an authorized emergency vehicle.**

*Definition. See § 316.003, Fla. Stat.*
**An "authorized emergency vehicle" is a vehicle of the fire department (fire patrol), police vehicles, and such ambulances and emergency vehicles of municipal departments, public service corporations operated by private corporations, the Department of Environmental Protection, the Department of Health, the Department of Transportation, and the Department of Corrections as are designated or authorized by their respective department or the chief of police of an incorporated city or any sheriff of a county.**

*State of emergency.*
*The definitions of structure, dwelling, and conveyance are different for counties where a state of emergency has been declared under chapter 252. See § 810.011(1), (2), and (3), Fla. Stat.*
**If you find** (defendant) **guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether**

1.   **the burglary was committed within a county that was subject to a state of emergency that had been declared by the governor under chapter 252, the "State Emergency Management Act,"**

**and**

**2.** the perpetration of the burglary was facilitated by conditions arising from the emergency.

*Definition.*

The term "conditions arising from the emergency" means civil unrest, power outages, curfews, voluntary or mandatory evacuations, or a reduction in the presence of or response time for first responders or homeland security personnel.

*§ 810.011(4), Fla. Stat.*

An act is committed "in the course of committing" if it occurs in the attempt to commit the offense or in flight after the attempt or commission.

**Lesser Included Offenses**

| BURGLARY WITH ASSAULT OR BATTERY OR WHILE ARMED OR WITH USE OF MOTOR VEHICLE OR PROPERTY DAMAGE — 810.02(2) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Burglary | | 810.02(4) | 13.1 |
| | Aggravated battery | 784.045 | 8.4 |
| | Persons Engaged in Criminal Offense Having Firearm | 790.07(2) | 10.3 |
| | Battery | 784.03 | 8.3 |
| | Aggravated assault | 784.021 | 8.2 |
| | Persons Engaged in Criminal Offense Having Weapon | 790.07(1) | 10.3 |
| | Assault | 784.011 | 8.1 |
| | Attempt | 777.04(1) | 5.1 |
| | Burglary | 810.02(3) | 13.1 |
| | Trespass | 810.08(2)(a) | 13.3 |
| | Trespass | 810.08(2)(b) | 13.3 |
| | Trespass | 810.08(2)(c) | 13.3 |
| | Criminal Mischief | 806.13 | 12.4 |
| It is probably best for the jury to make special findings regarding enhancements instead of listing all of the necessary lesser-included offenses of the highest form of Burglary charged. See Justice Pariente's concurring opinion in *Sanders v. State*, 944 So. 2d 203 (Fla. 2006). | | | |

| BURGLARY OF DWELLING; BURGLARY OF STRUCTURE OR CONVEYANCE WITH HUMAN BEING INSIDE; BURGLARY OF AN AUTHORIZED EMERGENCY VEHICLE* — 810.02(3) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Burglary | | 810.02(4) | 13.1 |
| | Attempt | 777.04(1) | 5.1 |
| | Trespass | 810.08(2)(a) | 13.3 |
| | Trespass | 810.08(2)(b) | 13.3 |
| | Trespass | 810.08(2)(c) | 13.3 |
| It is probably best for the jury to make special findings regarding enhancements instead of listing all of the necessary lesser-included offenses of the highest form of Burglary charged. See Justice Pariente's concurring opinion in *Sanders v. State*, 944 So. 2d 203 (Fla. 2006). | | | |

| BURGLARY — 810.02(4) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |
| | Trespass | 810.08(2)(a) | 13.3 |
| | Trespass | 810.08(2)(b) | 13.3 |
| | Trespass | 810.08(2)(c) | 13.3 |
| | Criminal Mischief | 806.13 | 12.4 |
| It is probably best for the jury to make special findings regarding enhancements instead of listing all of the necessary lesser-included offenses of the highest form of Burglary charged. See Justice Pariente's concurring opinion in *Sanders v. State*, 944 So. 2d 203 (Fla. 2006). | | | |

## Comments

When the compounded offense of burglary with an assault or burglary with a battery is charged, ~~and the jury convicts on the lesser included offense of trespass, the jury can also consider a second conviction on the lesser included offenses of assault or battery depending on the crime charged~~ the jury can convict on two lesser-included offenses. See *Gian-Grasso v. State*, 899 So. 2d 392 (Fla. 4th DCA 2005).

This instruction was adopted in 1981 and amended in 1985 [477 So.2d 985], 1997 [697 So.2d 84], 2003 [850 So.2d 1272], 2007 [962 So. 2d 310], 2008 [986 So. 2d 563], 2013 [109 So. 3d 721], ~~and~~ 2015 [176 So. 3d 938], and 2017.

## 21.7 GIVING FALSE NAME OR IDENTIFICATION TO LAW ENFORCEMENT OFFICER ADVERSELY AFFECTING ANOTHER
§ 901.36(2), Fla. Stat.

**To prove the crime of Giving False Name or Identification to Law Enforcement Officer Adversely Affecting Another, the State must prove the following four elements beyond a reasonable doubt.**

1. (Defendant) **was [arrested] [lawfully detained] by a law enforcement officer.**

2. (Defendant) **[gave a false name] [falsely identified [himself] [herself] in any way] as** (victim) **to** (name of officer or county jail personnel)**.**

3. **At the time,** (name of officer or county jail personnel) **was [a law enforcement officer] [personnel of a county jail].**

4. (Victim) **was adversely affected by the unlawful use of [his] [her] [name] [identification].**

**The court now instructs you that every** (name of official position of [officer] [county jail personnel]) **is [an officer] [personnel of a county jail] within the meaning of this law.**

*In giving this instruction, do not refer to the [officer] [county jail personnel] by name. The instruction must state the class of officer or personnel to which the individual named in the charge belongs, e.g., deputy sheriff, correctional officer, booking officer. See Wright v. State, 586 So. 2d 1024 (Fla. 1991).*

*Give if lawfully detained is charged.*
**A person may be lawfully detained if the officer reasonably suspects that person violated or was about to violate the law.**

**Lesser Included Offenses**

| 21.7 GIVING FALSE NAME OR IDENTIFICATION TO LAW ENFORCEMENT OFFICER ADVERSELY AFFECTING ANOTHER — § 901.36(2) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| False Name or ID to LEO* | | 901.36(1)* | 21.7* |
| | None | | |

**Comments**

*The difference between the third degree felony in § 901.36(2), Fla. Stat., and the first degree misdemeanor in § 901.36(1), Fla. Stat., is that the felony requires the state to prove element #4. Accordingly, the first three elements in this instruction can be used for the misdemeanor lesser-included offense.

This instruction was adopted in 2008 [995 So. 2d 489] and amended in 2017.